**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN TRISVAN,

                          Plaintiff,

- v -                                         1:24-CV-755 (MAD/DJS)

THE NEW SCHOOL CENTER FOR MEDIA,

                          Defendant.

**APPEARANCES:**                               **OF COUNSEL:**

JOHN TRISVAN
Plaintiff, *Pro Se*
Brooklyn, New York 11221

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. The Complaint asserts multiple claims under both state and federal laws. *See generally* Compl.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

In March 2022, Plaintiff, John Trisvan, enrolled in courses at the New School Center for Media ("New School"). Compl. at p. 3. Plaintiff alleges that within two weeks, Defendant wrongfully prohibited him from continuing his coursework at the school. Compl. at p. 3. Plaintiff claims that he was told he would receive weekly financial aid that would be sufficient to cover a nine-month audio engineering course.

3

Compl. at pp. 3-4. Mr. Trisvan also claims he has a disability and that he was assured he would receive accommodations. Compl. at pp. 4-5. However, Plaintiff asserts that instead of providing those accommodations, Defendant wrongfully removed him from the school. Compl. at p. 5. According to Plaintiff, this resulted in infringement of his right to affordable education as well as the denial of his opportunity to further his music education. Compl. at p. 4. Plaintiff initiated this action seeking compensatory and punitive damages pursuant to the statutes discussed below. Compl. at p. 7.

### C. Claims as to Which There is No Viable Cause of Action

As an initial matter, Plaintiff seeks to assert his claims through multiple statutes that do not entitle him to any relief. 20 U.S.C. § 1097 does not provide a private right of action. *Trisvan v. Mildred Elley Sch.*, 2024 WL 166839, at *1 (N.D.N.Y. Jan. 16, 2024). Likewise, Plaintiff does not have a private right of action under 18 U.S.C. § 371 because it is a criminal statute. *Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

Plaintiff also asserts a claim under section 720 of the New York Business Corporation Law. That section provides that an action may be brought "by a corporation, or a receiver, trustee in bankruptcy, officer, director or judgment creditor thereof." N.Y. BUS. CORP. LAW § 720 (McKinney 2024). Plaintiff has not demonstrated that he has any of those relationships with New School, and therefore he does not have the right to bring suit under section 720. Although it is technically possible for Plaintiff

4

to bring suit under this section if the circumstances were different, it is highly unlikely he will develop the necessary relationship to do so.

Plaintiff further identifies 15 U.S.C. § 41 as a basis for his claims. However, that section simply establishes the Federal Trade Commission and does not confer any rights on Plaintiff that can serve as a basis for this action. Similarly, Plaintiff seeks to bring a claim under New York Education Law section 6401, which grants the New York State Commissioner of Education the authority to provide state aid to certain institutions of higher education. N.Y. EDUC. LAW § 6401 (McKinney 2024). This statute does not confer any rights upon Plaintiff, and case law regarding it demonstrates that it concerns institutions of higher education appealing a denial of state aid. *See, e.g.*, *Excelsior College v. N.Y. State Educ. Dep't*, 306 A.D.2d 675 (3d Dep't 2003). Further, suits under that section are brought via an Article 78 proceeding against the Commissioner. *See id.* As such, any claim Plaintiff could make would be barred by the four-month statute of limitations for Article 78 claims. N.Y. C.P.L.R. 217. Therefore, Plaintiff's claims pursuant to the above-mentioned statutes should be dismissed because he is not entitled to relief under any of them.

Since these claims provide no cause of action based on the facts alleged, and there is no possibility that an amended complaint could remedy these defects, dismissal of the claims with prejudice is appropriate. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

**D. Plaintiff's Remaining Claims**

Plaintiff also identifies several statutes which, if sufficiently pled, could entitle him to relief. However, as discussed below, the Complaint lacks sufficient factual support to state a claim under each of the statutes he references.

*1. Title VI of the Civil Rights Act of 1964*

Under Title VI of the Civil Rights Act, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "To state a claim of discrimination under Title VI, 'the plaintiff must show, *inter alia*, that the defendant discriminated against him on the basis of race, that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions.'" *Roggenbach v. Touro Coll. of Osteopathic Med.*, 7 F. Supp. 3d 338, 347 (S.D.N.Y. 2014) (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001)).

Plaintiff fails to adequately state a claim under Title VI. There is no mention of Plaintiff's race, color, or national origin in the Complaint, let alone any intentional discrimination based on those characteristics. Plaintiff is required to "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent," which he has not

done. *Roggenbach v. Touro Coll. of Osteopathic Med.*, 7 F. Supp. 3d at 347 (citation omitted).

### *2. Americans with Disabilities Act*

Plaintiff also appears to claim that Defendant discriminated against him by denying him disability accommodations. Plaintiff, however, does not identify what provision of the ADA was allegedly violated. For purposes of this analysis, the Court presumes Plaintiff is claiming a violation of Title III, which is applicable to public accommodations. 28 C.F.R. § 36.102. To state a claim for a violation of Title III based on disability discrimination, the plaintiff must allege facts that demonstrate: "(1) that [he] is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying h[im] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

Plaintiff has failed to set forth any factual allegations that support this claim. First, Plaintiff offers the conclusion that he is disabled, without any explanation of his disability. Compl. at p. 4. Courts have held that the basic pleading requirements of an ADA claim are not satisfied where a plaintiff fails to show that they are disabled within the meaning of the statute, i.e., that plaintiff has a physical or mental impairment that substantially limits a major life activity. *Kelly v. Rice*, 375 F. Supp. 2d 203, 207 (S.D.N.Y. 2005). Plaintiff has not provided any information about his disability in the

Complaint, and he therefore has not met his pleading requirement for an ADA cause of action. Furthermore, "[a]lthough Title III grants a private right of action, it allows only for injunctive relief." *Bitetto v. D'Angelo*, 2016 WL 8116678, at *2 (N.D.N.Y. Dec. 21, 2016). Since Plaintiff only seeks monetary compensation for the alleged discrimination, his Complaint is also insufficient in this regard.

### *3. Truth in Lending Act*

There is also no basis in Plaintiff's Complaint to support a Truth in Lending Act cause of action. Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. Furthermore, "the Truth in Lending Act addresses obligations of creditors," and there is no allegation that Defendant falls within that class. *Johnson v. Scala*, 2007 WL 2852758, at *3 (S.D.N.Y. Oct. 1, 2007). Plaintiff's Complaint alleges that he applied to receive financial aid from the Department of Education. Compl. at pp. 3-4. He further states that Defendant assisted him with this process. *Id.* Other than those allegations, the Complaint lacks any information for this Court to understand the basis of the claim.

### *4. New York General Business Law Sections 349 and 350*

Plaintiff next alleges that New School violated New York General Business Law sections 349 and 350. "The only difference between the two is that Section 350 more narrowly targets deceptive or misleading advertisements, while Section 349 polices a wider range of business practices." *Cline v. TouchTunes Music Corp.*, 211 F. Supp. 3d

628, 635 (S.D.N.Y. 2016). To state a claim under New York General Business Law section 349 or 350, a plaintiff must allege that a consumer-oriented act or practice was materially misleading and that the act or practice caused him injury. *Id.* Furthermore, the act or practice must be misleading to a reasonable person. *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 324 (2002).

Here, Plaintiff has failed to adequately allege that Defendant violated either section. Plaintiff's Complaint does not allege that Defendant engaged in any act or practice that was deceptive or misleading. Plaintiff's Complaint states that he was supposed to receive financial aid from the U.S. Department of Education and that New School told him such financial aid would be sufficient to enroll in his courses. Compl. at p. 4. While Plaintiff was unenrolled from the school, the Complaint does not mention a deceptive or misleading act or practice that caused his removal. Because "Plaintiff's burden to allege that a specific advertisement or statement by Defendant would mislead a reasonable consumer . . . ." has not been met in this Complaint, Plaintiff failed to state a claim. *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 152 (S.D.N.Y. 2022).

### 5. *New York CPLR Section 901*

Lastly, Plaintiff mentions Rule 901 of the New York CPLR, which lists the prerequisites to a class action. N.Y. C.P.L.R. 901 (McKinney 2024). However, Plaintiff has not stated a substantive state law claim in his complaint which abrogates the possibility of a class action.

9

### E. Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The deficiencies identified above could potentially be rectified by more detailed pleading and so the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

### II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   August 12, 2024
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).