UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN TRISVAN,

                                 **Plaintiff,**

  vs.                                                                       1:24-CV-755
                                                                                (MAD/DJS)

THE NEW SCHOOL CENTER FOR MEDIA,

                                 **Defendant.**
_____

APPEARANCES:                                OF COUNSEL:

**JOHN TRISVAN**
378 Monroe Street
Brooklyn, New York 11221
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On June 7, 2024, *pro se* Plaintiff John Trisvan ("Plaintiff") filed a complaint asserting claims against the New School Center for Media ("New School"), *see* Dkt. No. 1, and a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On August 12, 2024, Magistrate Judge Stewart issued an Order granting Plaintiff leave to proceed IFP. *See* Dkt. No. 5. The same day, Magistrate Judge Stewart issued a Report-Recommendation and Order recommending that Plaintiff's complaint be dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. No. 6.

Plaintiff has not filed any objections to the Report-Recommendation and Order. When a party declines to file an objection, the court reviews a recommendation for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations

1

and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff has not filed an objection, the Court will review the recommendation for clear error.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has stated that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).

The Court finds no clear error in Magistrate Judge Stewart's Report-Recommendation and Order. Magistrate Judge Stewart correctly determined that Plaintiff failed to set forth a cognizable federal cause of action under either 20 U.S.C. § 1097 or 18 U.S.C. § 371, because neither statute allows for a private right of action. *See* Dkt. No. 6 at 4; *see also Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 669 F. Supp. 1244, 1254 (S.D.N.Y. 1987) (noting that "courts have held that a violation of the federal conspiracy statute, 18 U.S.C. § 371, does not give rise to a civil cause of action") (citations omitted). Neither has Plaintiff alleged that New School had a fiduciary relationship with him, or that he is a bankruptcy trustee, as required to bring a claim under section 720 of the New York Business Corporation Law. *See Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 329 (Bankr. S.D.N.Y. 1999) (citing *Scherling v. Rem (In re Princeton Industries, Inc.)*, 39 B.R. 140, 142 (Bankr. S.D.N.Y. 1984)) ("Nonetheless, § 720 of the BCL, which explicitly permits suit by a bankruptcy trustee [ ] permits recovery for

breach of fiduciary duty obligations by corporate officers and directors").  The Court further agrees that Plaintiff has failed to state a claim for relief under 15 U.S.C. § 41 or New York Education Law section 6401, because neither statute confers rights on Plaintiff.  *See* Dkt. No. 6 at 4-5.

The Court finds no clear error in Magistrate Judge Stewart's conclusion that, although leave to amend would ordinarily be appropriate, there is no possibility that an amended complaint could remedy the defects with respect to Plaintiff's claims under 20 U.S.C. § 1097, 18 U.S.C. § 371, section 720 of the New York Business Corporation Law, 15 U.S.C. § 41, or New York Education Law section 6401.  *See* Dkt. No. 6 at 11-13.  Accordingly, these claims are dismissed with prejudice.  *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend").

The Court further agrees that Plaintiff has failed to state a claim for relief under Title VI of the Civil Rights Act of 1964 because he does not mention his "race, color, or national origin in the Complaint, let alone any intentional discrimination based on those characteristics."  Dkt. No. 6 at 6; *see also Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 531 (S.D.N.Y. 2013) ("To state a claim under Title VI, a plaintiff must allege, *inter alia*, (1) that the defendant discriminated against him on the basis of race; (2) that that discrimination was intentional; and (3) that discrimination was a substantial and motivating factor for the defendant's actions").

Plaintiff's complaint states that he "informed Defendant that he suffered a disability in which he would be afforded special accommodation those of which he was assured he would be provided, all of which was denied to him violating [ ] rights and privileges under the ADA[.]" Dkt. No. 1 at 4-5.  The Court agrees with Magistrate Judge Stewart that Plaintiff has not set forth

3

any facts supporting his allegation that he is disabled or the nature of his disability. *See* Dkt. No. 6 at 7-8; *see also Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (quotation omitted) ("To establish a prima facie case under the ADA, a plaintiff must show by a preponderance of the evidence that: '. . . (2) he was disabled within the meaning of the ADA'").

The Court further agrees with Magistrate Judge Stewart's conclusion that Plaintiff has not alleged facts sufficient to support his Truth in Lending Act cause of action. *See* Dkt. No. 6 at 8. Plaintiff states that he applied for tuition fees "through Defendant's assistance" but does not otherwise set forth facts claiming that Defendant is a creditor. Dkt. No. 1 at 3. Accordingly, Plaintiff has failed to articulate a basis of any claim under the Truth in Lending Act. *See Mauro v. Countrywide Home Loans, Inc.*, 727 F. Supp. 2d 145, 157 (E.D.N.Y. 2010) ("TILA's disclosure obligations apply only to 'creditors'").

The Court agrees with Magistrate Judge Stewart that the complaint does not allege any deceptive or misleading acts Defendant engaged in, and therefore Plaintiff has failed to state a claim under New York General Business Law sections 349 and 350. *See* Dkt. No. 6 at 8-9. The Court further agrees with Magistrate Judge Stewart that Plaintiff mentions Rule 901 of the New York CPLR but has not stated a substantive state law claim in his complaint and therefore has not stated any plausible basis for a class action. *See id.* at 9.

Finally, the Court agrees that, in light of his *pro se* status, Plaintiff should be granted an opportunity to amend the complaint with respect to his claims under the ADA, Truth in Lending Act, Title VI of the Civil Rights Act of 1964, New York General Business Law sections 349 and 350, and Rule 901 of the New York CPLR. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be

4

afforded every reasonable opportunity to demonstrate that he has a valid claim'") (quotation omitted).

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITH LEAVE TO AMEND claims under the ADA, Truth in Lending Act, Title VI of the Civil Rights Act of 1964, New York General Business Law sections 349 and 350, and Rule 901 of the New York CPLR**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 30, 2024
          Albany, New York

Mae A. D'Agostino
U.S. District Judge