UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN TRISVAN,

                                         **Plaintiff,**

  vs.                                                                 1:24-CV-755
                                                                                         (MAD/DJS)

THE NEW SCHOOL CENTER FOR MEDIA,

                                         **Defendant.**
_____

APPEARANCES:                                    OF COUNSEL:

JOHN TRISVAN
Brooklyn, New York 11221
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

       On June 7, 2024, Plaintiff John Trisvan commenced this action, *pro se*, against Defendant The New School Center for Media. *See* Dkt. No. 1. Plaintiff alleged that Defendant violated his rights by removing him from a ninth-month audio engineering course and denying him reasonable accommodations. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On August 12, 2024, Magistrate Judge Daniel J. Stewart issued an Order granting Plaintiff's IFP motion. *See* Dkt. No. 5. Magistrate Judge Stewart issued a separate Report-Recommendation and Order in which he reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and recommended that Plaintiff's complaint be dismissed. *See* Dkt. No. 6. On August 30, 2024, the Court adopted the Report-Recommendation in its entirety and granted Plaintiff leave to amend his complaint with respect to the majority of his claims. *See* Dkt. No. 7 at 5. The Court denied Plaintiff leave to amend his purported claims under which there is

1

no private cause of action. *See id.* at 2-3. Plaintiff filed objections on August 29, 2024. *See* Dkt. No. 8. The Court reviewed the objections and concluded that they did not alter its conclusion that Plaintiff's complaint failed to state any claims. *See* Dkt. No. 9.

On October 1, 2024, Plaintiff filed an amended complaint. *See* Dkt. No. 10. Plaintiff again alleges that Defendant wrongly removed him from a course which he had previously enrolled and denied him student loans and reasonable accommodations. *See id.* Plaintiff references the Americans with Disabilities Act ("ADA"), Title VI of the Civil Rights Act of 1964, New York business Law and New York Education Law. *See id.* at 3. In a Report-Recommendation and Order dated November 5, 2024, Magistrate Judge Stewart recommended dismissing Plaintiff's amended complaint and denying leave to amend. *See* Dkt. No. 11.

Plaintiff filed objections to the Report-Recommendation and Order. *See* Dkt. No. 12. "Generally, when a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 683 (N.D.N.Y. 2015) (citing FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quoting N.D.N.Y. L.R. 72.1(c)) (footnote omitted). "When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review." *Id.* at 684 (citations omitted). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review." *Id.* (footnote omitted). After the appropriate

2

review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the November 5, 2024, Report-Recommendation and Order, Plaintiff's amended complaint and objections, and the applicable law, the Court does not discern any clear error in Magistrate Judge Stewart's recommendations. Plaintiff's objections are general, reiterating information contained in his amended complaint and arguing that Magistrate Judge Stewart failed to conduct an evidentiary hearing. *See* Dkt. No. 12.

Magistrate Judge Stewart first correctly noted that, on initial review of Plaintiff's original complaint, some of the claims had been dismissed with prejudice such that Plaintiff's attempt to reallege those claims is improper. *See* Dkt. No. 11 at 2. Plaintiff summarily states in his objections that he "contest[s] such order indicating that said claims are improper and not properly before this Court." Dkt. No. 12 at 1. Claims that were previously dismissed with prejudice

3

cannot be realleged and Plaintiff has not provided grounds for the Court to reconsider its prior determination. *See Trombetta v. Novocin*, No. 18-CV-993, 2021 WL 6052198, *6 (S.D.N.Y. Dec. 21, 2021); *Sibley v. Watches*, No. 19-CV-6517, 2020 WL 3259294, *1 (W.D.N.Y. 2020) ("[T]he [c]ourt dismissed several of [p]laintiff's claims with prejudice[;] [t]his means that [p]laintiff cannot continue to submit requests to reassert claims that have been dismissed and to rejoin defendants who have been dismissed with prejudice").

Magistrate Judge Stewart then reviewed the claims for which leave to amend had been granted, beginning with Plaintiff's Title VI claim. Magistrate Judge Stewarts acknowledged that Plaintiff identified a protected class under Title VI: race. *See* Dkt. No. 11 at 3. However, Magistrate Judge Stewart explained that Plaintiff failed to allege discriminatory conduct. *See id.* Plaintiff's only objection on this claim is stating that "Plaintiff indicated that such membership of being African American as such protected party, he was singled out. No evidentiary hearing was ever conducted to further establish additional facts of said claim." Dkt. No. 12 at 1. Magistrate Judge Stewart did acknowledge Plaintiff's race, and there is no clear error in the conclusion that Plaintiff's amended complaint does not allege any facts upon which a claim for discrimination based on his race can be read. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) ("[T]he plaintiff must show, *inter alia*, that the defendant discriminated against him on the basis of race, . . . that that discrimination was intentional, . . . and that the discrimination was a 'substantial' or 'motivating factor' for the defendant's actions") (quotations, citations, and quotation marks omitted).

As to Plaintiff's ADA claim, Magistrate Judge Stewart concluded that Plaintiff failed to sufficiently identify a disability. *See* Dkt. No. 11 at 4-5. He also explained that monetary relief is not available under Title III of the ADA. *See id.* at 5. In Plaintiff's objections, he restates, in a

4

conclusory manner, that he "suffer[s] from a mental illness/disability."  Dkt. No. 12 at 1.  Magistrate Judge Stewart is correct that such an allegation is insufficient to state a claim under the ADA.  *See Heckmann v. Town of Hempstead*, No. 10-CV-5455, 2012 WL 1031503, *4 (E.D.N.Y. Feb. 24, 2012) ("Despite plaintiff's suggestion, a court is not required to infer disability merely because a plaintiff has alleged a particular medical condition"); *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 84 (2d Cir.), *opinion corrected*, 511 F.3d 238 (2d Cir. 2004) ("The ADA, which serves to protect the rights of individuals with disabilities, states that a disabled individual is one who suffers from 'a physical or mental impairment that substantially limits one or more of the major life activities of such individual'") (quotation omitted).  Magistrate Judge Stewart also correctly explained that Title III of the ADA does not allow for monetary damages.  *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) ("Title III, which authorizes private actions only for injunctive relief, not monetary damages").

Next, Magistrate Judge Stewart reviewed Plaintiff's Truth in Lending Act ("TILA") claim.  *See* Dkt. No. 11 at 6.  Magistrate Judge Stewart correctly explained that the TILA generally applies only to creditors.  *See id.*; *see also Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 296 (D. Conn. 2015) ("TILA only applies to creditors"). The definition of "creditor" "is restrictive and precise, referring only to a person who satisfies both requirements of the provision." *In re Residential Cap., LLC*, 513 B.R. 856, 867 (Bankr. S.D.N.Y. 2014) (quotation and quotation marks omitted).  Plaintiff has not sufficiently alleged that Defendant meets the "restrictive and precise" definition set forth in 15 U.S.C. § 1602(g).  The Court, therefore, finds no clear error in the conclusion that Plaintiff failed to allege a Truth in Lending Act claim.

As to Plaintiff's business law claim, Magistrate Judge Stewart accurately determined that Plaintiff's allegations are too conclusory.  *See* Dkt. No. 11 at 7.  Plaintiff argues in his objections

5

that he has sufficiently set forth Defendant's fraudulent conduct in "offering funds, along with promises at further certification as a ln [sic] audio engineer, along with a video engineer, along with promises to award Plaintiff with funds each week solely to lure him to enroll into said school, in which Defendants reneged on." Dkt. No. 12 at 2. To allege a violation of New York's General Business Law Sections 349 or 350, "plaintiffs must plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 160 (S.D.N.Y. 2021) (quotation and quotation marks omitted). "[T]he operative question is whether a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Schneider v. Colgate-Palmolive Co.*, 677 F. Supp. 3d 91, 100 (N.D.N.Y. 2023) (quotation and quotation marks omitted). The Court agrees with Magistrate Judge Stewart that Plaintiff has failed to set forth any such allegations.[1]

In Plaintiff's amended complaint, he referenced New York's class action statute, but, as Magistrate Judge Stewart concluded, Plaintiff has not provided sufficient information to substantiate a class action. *See* Dkt. No. 11 at 7; *see also* N.Y. C.P.L.R. 901 (setting forth the requirements for bringing a class action); FED. R. CIV. P. 23 (same).

In each of Plaintiff's objections, he references an evidentiary hearing. *See* Dkt. No. 12 at 1-2. However, he has not presented any rule or case which stands for the proposition that Plaintiff is entitled to an evidentiary hearing at this initial stage of the case. *See id.* Initial review is not

---

[1] Even if Plaintiff had sufficiently alleged a claim under New York's General Business Law, because he has failed to allege any federal claims, the Court would decline to exercise supplemental jurisdiction. *See Torres v. City of New York through New York City Dep't*, 590 F. Supp. 3d 610, 629 (S.D.N.Y. 2022) ("'A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage'") (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006)).

about whether Plaintiff has proven his claims, but whether he has sufficiently alleged enough facts that if accepted as true, state cognizable legal claims. *See Sua sponte dismissal for failure to state a claim—Dismissal of a pro se litigant*, 27A Fed. Proc., L. Ed. § 62:457 ("Where it is patently obvious that a pro se plaintiff cannot prevail on the facts alleged in the complaint, the court's sua sponte dismissal for failure to state a claim is appropriate"). Plaintiff has failed to do so for the reasons set forth in Magistrate Judge Stewart's Report-Recommendation and Order and this Order.

Finally, Magistrate Judge Stewart recommended the Court deny Plaintiff leave to amend. *See* Dkt. No. 11 at 7-8. Although *pro se* litigants are shown special solicitude and leave to amend should generally be granted, it is not required where leave to amend has already been granted and amendment would be futile. *See Baptiste v. Doe*, 680 F. Supp. 3d 186, 192 (N.D.N.Y. 2023) ("[A]n opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile"); *Anderson v. Coughlin*, 700 F.2d 37, 43-44 (2d Cir. 1983) ("[L]eniency accorded pro se plaintiffs when attempting to understand the claims raised in often inartfully worded complaints does not create a predisposition toward such plaintiffs in the substantive determination of whether their claims are frivolous"). Because Plaintiff has already been afforded the chance to amend his complaint and he has failed to cure the deficiencies in his pleading, the Court will not grant him another opportunity to amend.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 11) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 10) is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: December 23, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge